ORIGINAL

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| | ) | Case No.   5:19-MJ- 446 (TWD) |
| | ) | |
| | ) | |
| EDGAR DIAZ | ) | |
| | ) | |
| Defendant | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the dates of January 28, 2019 and June 7, 2019 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1361 | Willfully injuring property of the United States |
| 18 U.S.C. § 1546(b)(3) | Making a false attestation |
| 42 U.S.C. § 408(a)(7)(B) | Misuse of a Social Security number |

This criminal complaint is based on these facts:
See Attached Affidavit in Support of Criminal Complaint.

☒   Continued on the attached sheet.

_____
*Complainant's signature*

William M. Saunders, Deportation Officer, ICE
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   July 17, 2019

_____
*Judge's signature*

City and State:   Syracuse, New York            Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

**STATE OF NEW YORK)**
**COUNTY OF ONONDAGA)**          **SS:**
**CITY OF SYRACUSE)**

William M. Saunders, being duly sworn, deposes and says that:

1. I am a Deportation Officer with the United States Department of Homeland Security, hereafter referred to as DHS, Immigration and Customs Enforcement, hereafter referred to as ICE. I have been so employed since the creation of DHS in March 2003. Prior to the creation of DHS, I was employed by the former Immigration and Naturalization Service under the United States Department of Justice since January of 1998.

2. As a part of my duties at ICE, I have investigated violations of the Immigration and Nationality Act and other violations of the United States Code, including, Title 18, United States Code, Section 1361; Title 18, United States Code, Section 1546; and Title 42, United States Code, Section 408.

3. I make this affidavit in support of a criminal complaint charging Edgar **DIAZ** with violations of Title 18, United States Code, Section 1361, willfully injuring any property of the United States; Title 18, United States Code, Section 1546(b)(3), making a false attestation; and Title 42, United States Code, Section 408(a)(7)(B), misusing a social security number.

4. The statements in this affidavit are based upon my own knowledge, my review of ICE's official records, and upon information that I obtained from other law enforcement officers involved with this investigation. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I

1

have set forth only facts that I believe are necessary to establish probable cause for the violations stated above.

### BACKGROUND – ALTERNATIVES TO DETENTION

5.  The Enforcement and Removal Operations ("ERO") Custody Management Division manages ICE detention operations, including the Alternatives to Detention (ATD) division. The ATD provides an alternative to detention through the use of technology and utilizes numerous methods to ensure that an undocumented alien who is not detained will fully participate in their immigration court proceedings and comply with reporting requirements as a part of the conditions of their release. One of the methods used by the ATD program is the use of a global positioning system ("GPS") ankle-monitoring device or electronic ankle bracelet.

6. When an alien is placed on GPS monitoring through an ankle-monitoring device, they are enrolled in the system BI Total Access. The BI Total Access system is the database that monitors the activities of the GPS monitoring through an electronic ankle bracelet. This system monitors the electronic ankle bracelet for the following: location, battery strength, messages sent, messages received, and it also has the ability to send the unit a prerecorded message in the English and Spanish languages that the alien is required to acknowledge. The electronic ankle bracelet is applied by a case officer upon acceptance into the program and the alien is instructed on the proper use of the GPS monitoring electronic ankle bracelet and the rechargeable batteries. The officer inputs all of the alien's information in the BI Total Access system, including the alien's address and phone number. The unit costs $2050.20 and includes the electronic ankle bracelet and the BI LOC8 unit, strap, clips (2), rechargeable batteries (2), wall charger and power cord.

7. On September 28, 2018, **DIAZ** was encountered by the United States Border Patrol near Lukeville, Arizona and released from ICE custody following his enrollment into the ATD program under GPS monitoring. On September 28, 2018, **DIAZ** acknowledged receipt of tracking unit ID#: 1374031. **DIAZ** was instructed not to tamper with or remove the device and that tampering with or damaging the device may result in his arrest, detention, and prosecution pursuant to Title 18, United States Code, Section 1361. **DIAZ** acknowledged same by signing his name and placing his fingerprint on the paperwork explaining the GPS device and rules of the electronic monitoring program. **DIAZ** was authorized to travel to Marietta, New York and report to the Syracuse, New York ERO/ATD office.

8. On May 22, 2019, the LOC8 GPS unit (ID#: 1374031) assigned to **DIAZ** was replaced at the Syracuse, New York ICE office, as it was malfunctioning. **DIAZ** was provided with replacement unit ID # 1354013. **DIAZ** was advised, again, not to tamper with or remove the device and that tampering with or damaging the device may result in his arrest, detention, and prosecution.

9. Your affiant reviewed the immigration records and the BI Total Access system concerning the activities of **DIAZ** since his initial acceptance into the ADT electronic monitoring program on September 28, 2018. According to those records, **DIAZ** was compliant with the ADT program until June 7, 2019. On June 7, 2019, at approximately 3:04 a.m., the activity summary report reflects a "tracker strap alert", which is a message that is sent from the unit to the host computer, identifying that either the fiber optic cable sensor in the band had been cut or that the unit detects no mass.

3

10. On June 7, 2019, the activity summary report reflects "tracker proximity tamper" which is a message that is sent from the unit to the host computer reflecting that there is no mass behind the unit. In other words, the alert indicated that the unit was no longer attached to **DIAZ's** ankle.

11. On June 12, 2019, ICE officers located the LOC8 GPS unit, along with a knife, on New York State Route 80, in the Town of Tully. ICE was unable to locate the spare battery or the wall charger. The ankle monitor was cut off of **DIAZ's** ankle and damaged. The total damage to the GPS electronic ankle bracelet was $31.20. Additionally, the charger ($49.00) and battery ($35.00) associated with the GPS electronic ankle monitoring system were never found or recovered. The ankle monitor, charger, and batteries are the property of the United States, specifically DHS.

12. A review of the GPS history indicated that **DIAZ** was employed by Volles Dairy Farm LLC in Marietta, New York. On June 12, 2019, your affiant contacted a designated official at Volles Dairy Farm LLC and showed them a photograph of **DIAZ** that is contained within the Alien File assigned to **DIAZ**. The designated official recognized the person in the photograph as **DIAZ** and provided your affiant with a copy of the Employment Eligibility Verification Form (Form I-9) completed by **DIAZ**. A review of the form provided indicated that on January 28, 2019, **DIAZ** attested, under penalty of perjury, that his name was Edgar **DIAZ**, that his Social Security number was \*\*\*-\*\*-0691, and that he was a Lawful Permanent Resident. The I-9 form also indicates that **DIAZ** presented an Alien Registration Card (I-551), bearing alien registration number \*\*\*-\*\*\*-425, as proof of his identity and his eligibility to work in the United States. Your affiant spoke with Volles Dairy Farm LLC and in sum and substance determined that if assistance is provided completing the I-9, that the representative of Volles Dairy Farm LLC will complete the Preparer and/or Translator Certification section. A representative of Volles Dairy Farm LLC completed the

4

Preparer and/or Translator Certification section of **DIAZ's** I-9. Additionally, Volles Dairy Farm LLC has an established practice of retaining photocopies of the documents provided by an employee when they complete the I-9. Your affiant obtained a copy of the documents **DIAZ** presented at the time he completed the I-9.

13. **DIAZ** provided Volles Dairy Farm LLC with a Social Security Card, in his name, with a social security number ending in \*\*\*-\*\*-0691. According to record checks conducted with the Social Security Administration-Office of the Inspector General (OIG), social security number \*\*\*-\*\*-0691 is a valid social security number but is not assigned to **DIAZ**.

14. **DIAZ** provided Volles Dairy Farm LLC with a Permanent Resident Card, in his name, with an alien registration number ending in \*\*\*-\*\*\*-425. According to record checks conducted with the Department of Homeland Security (DHS) indices, A# \*\*\*-\*\*\*-425 is a valid alien registration number but is not assigned to **DIAZ**. DHS indices provide that **DIAZ** is assigned A# \*\*\*-\*\*\*-099.

15. Based on the above, your affiant respectfully submits that there is probable cause to believe that **DIAZ** willfully injured property of the United States, that is the electronic ankle bracelet, in violation of Title 18, United States Code, Section 1361; made false attestations in order to gain employment, in violation of Title 18, United States Code, Section 1546(b)(3); and falsely represented that a Social Security Number was assigned to him for the purpose of obtaining a payment or benefit

5

he was not entitled to, or for the purpose of obtaining anything of value from any person, or for any

other purpose, in violation of Title 42, United States Code, Section 408(a)(7)(B).

William M. Saunders
Deportation Officer
Immigration and Customs Enforcement

Sworn to before me
This 17th day of July, 2019

Hon. Thérèse Wiley Daneks
United States Magistrate Judge